UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRICE GRIFFIN, on his
own behalf and on behalf of all
similarly situated individuals,

    Plaintiff,
v.                                      CASE NO.:

PRE-EMPLOYMENT, INC.,
a Domestic For-Profit Corporation,
BB
    Defendant.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRICE GRIFFIN, by and through his attorneys, and on behalf of himself and the putative class set forth below, and in the public interest, brings the following Class Action Complaint. In this Class Action Complaint, Plaintiff sues Defendant, Pre-Employment Inc. ("Pre-Employment"), including its related entities, subsidiaries, predecessors and successors, under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 et seq.

## PRELIMINARY STATEMENT

1. Defendant, Pre-Employment is a consumer reporting agency, providing employers with consumer reports, commonly referred to as "background checks," for employment purposes. Employers rely on these reports to make employment related decisions on applicants and employees.

2. The FCRA, 15 U.S.C. § 1681b, makes it presumptively unlawful to obtain and use a "consumer report" for an employment purpose. Such use becomes lawful if and only if the consumer reporting agency and user of the consumer report have complied with the statute's strict certification, disclosure, authorization and notice requirements. *15 U.S.C. § 1681b(a).*

3. Pre-Employment willfully violated these requirements, in systematic violation of Plaintiff's rights and the rights of other putative class members.

4. Pre-Employment violated 15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii) by providing consumer reports used for employment purposes without certification from users that they would abide by the FCRA's disclosure, authorization and notice requirements set forth in 15 U.S.C. § 1681b(b)(2) and § 1681b(b)(3).

5. Based on the foregoing violations, Plaintiff asserts FCRA claims against Pre-Employment on behalf of himself and class consisting of consumers whose consumer reports were furnished by Pre-Employment without certification from the user that they would comply with the FCRA's disclosure, authorization and notice requirements.

6. In Count I Plaintiff asserts a FCRA claim against Pre-Employment under 15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii) on behalf of a "Certification Class" consisting of:

> **All ISS Facility Services, Inc., employees and job applicants in the United States who were the subject of a consumer report furnished by Pre-Employment, Inc. without certification of compliance with 15 U.S.C. § 1681b(b)(2) and 15 U.S.C. § 1681b(b)(3 ) from ISS Facility Services, Inc., within five years of the filing of this complaint through the date of final judgment in this action.**

11. On behalf of himself and the putative class, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA.

## THE PARTIES

13. Individual and class representative, Plaintiff, Brice Griffin ("Plaintiff") lives in Tampa, Florida, applied for employment with ISS Facility Services, Inc. ("ISS"), but was denied employment based upon the contents of his consumer report. Plaintiff is a member of the putative class defined below.

14. Defendant, Pre-Employment is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and provides consumer reports for employment purposes.

## JURISDICTION AND VENUE

15. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to

28 U.S.C. § 1331.

16. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, because the underlying events occurred in Tampa, Florida. Plaintiff resides in Tampa, Florida and was subject of a consumer report used for employment purposes while applying for a job in Tampa, Florida.

**ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES**

17. Congress has recognized consumer reporting agencies like Pre-Employment have assumed a vital role in assembling information on consumers, and therefore implemented the FCRA to ensure credit reporting agencies "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *15 U.S.C. § 1681*.

18. In accordance with Congress' findings, the FCRA requires consumer reporting agencies to have certification from users of their consumer reports for employment purposes that the user will abide by the strict disclosure, authorization and notification requirements set forth in 15 U.S.C. § 1681b(b)(2)(A) and 15 U.S.C. § 1681b(b)(3). *15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii)*.

19. A consumer reporting agency that furnishes consumer reports used for employment purposes without receiving the requisite certification of FCRA compliance from the user is furnishing the consumer report unlawfully. *15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii)*.

20. Pre-Employment furnished consumer reports to ISS, with knowledge ISS used such consumer reports for employment purposes. However, Pre-Employment furnished the consumer reports to ISS without requiring ISS to certify compliance with the disclosure, authorization and notification requirements of the FCRA.

21. As a condition for furnishing and using consumer reports for employment purposes, the FCRA requires, in pertinent part:

(1) **Certification from user** A consumer reporting agency may furnish a

3

> consumer report for employment purposes **only** if –
>
> **(A)** the person who obtains such report from the agency certifies to the agency that –
>
> (i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable.

*15 U.S.C. § 1681b(b)(1)(A)(i).*

22. The paragraphs referenced in § 1681b(b)(1)(A)(i) are the stand alone disclosure, written authorization and pre-adverse action notification requirements set forth in § 1681b(b)(2) and § 1681b(b)(3).

23. The purpose of the certification requirement is to ensure users of consumer reports for employment purposes follow the statutory framework created by Congress to safeguard consumers' rights to privacy and information.

24. It is flatly illegal for a consumer reporting agency to furnish a consumer report for employment purposes unless the consumer reporting agency has received the FCRA-mandated certification of compliance from the user. In fact, compliance with the certification requirement provides the only lawful means for a consumer reporting agency to furnish a consumer report for employment purposes. *15 U.S.C. § 1681b(a).*

## ALLEGATIONS SPECIFIC TO PLAINTIFF

25. Plaintiff applied for employment with ISS on or around June 25, 2014 at Raymond James Stadium in Tampa, Florida.

26. As part of the hiring process, ISS procured a consumer report for employment purposes from Pre-Employment on or around June 25, 2014.

27. ISS procured Plaintiff's consumer report without providing Plaintiff a stand alone disclosure document or obtaining Plaintiff's written authorization to obtain a consumer report for

4

employment purposes in violation of 15 U.S.C. §1681b(b)(2) and § 1681b(b)(3).

28. Pre-Employment furnished ISS with Plaintiff's consumer report. However, Pre-Employment furnished the consumer report without ISS's certification of compliance with the disclosure, authorization and notification provisions set forth in 15 U.S.C. § 1681b(b)(2) and § 1681b(b)(3).

29. Since ISS never certified compliance with 15 U.S.C. § 1681b(b)(2), it is not surprising ISS procured Plaintiff's consumer report without first providing him a stand alone disclosure document or obtaining his written authorization.

30. Pre-Employment unjustly enriched itself by unlawfully compiling Plaintiff's personal, private and confidential information and selling it to a third party without a permissible purpose. The injury of "unjust enrichment" has its roots in English common law. Causes of action for unjust enrichment were part of "the traditional concern of the Courts at Westminster. *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 US 765, 774 (2000)(quoting *Coleman v. Miller*, 307 U.S. 433, 460 (1939).

31. Pre-Employment violated Plaintiff's right to privacy by compiling his personal, private and confidential information into a consumer report and furnishing it to a third party, ISS, without a permissible purpose.

32. Pre-Employment violated Plaintiff's right to privacy by compiling his personal, private and confidential information into a consumer report without a permissible purpose and selling it for a profit to a third party, ISS.

33. ISS rescinded Plaintiff's oral offer of employment based in whole or in part on the contents of his consumer report. However, ISS never provided Plaintiff with pre-adverse action notice, a copy of his consumer report or summary of rights. Again, it is not surprising ISS failed to satisfy the requirements of § 1681b(b)(3) since Pre-Employment did not obtain ISS's certification of

5

compliance.

34. Plaintiff never even knew, or could have possibly known, Pre-Employment unlawfully furnished ISS with his consumer report until Plaintiff obtained discovery in *Griffin v. ISS Facility Services, Inc.,* Case No.: 8:15-cv-02849-SMD-TBM (M.D.Fla.).

35. If Plaintiff had known Pre-Employment was furnishing his consumer report to ISS without a legal right to do so, Plaintiff would not have permitted Pre-Employment to furnish his consumer report to ISS.

36. If Plaintiff knew Pre-Employment was profiting unlawfully from his consumer report, Plaintiff would not have authorized Pre-Employment to compile his personal, private and confidential information for sale to ISS.

## CLASS ACTION ALLEGATIONS

37. Plaintiff asserts a claim against Pre-Employment under Count I on behalf of a "Certification Class" defined as:

> **All ISS Facility Services, Inc., employees and job applicants in the United States who were the subject of a consumer report furnished by Pre-Employment, Inc. without certification of compliance with 15 U.S.C. § 1681b(b)(2) and 15 U.S.C. § 1681b(b)(3) from ISS Facility Services, Inc. within five years of the filing of this complaint through the date of final judgment in this action.**

38. Numerosity: The members of the putative class are so numerous that joinder of all class members is impracticable. Pre-Employment furnished thousands of consumer reports to ISS. ISS regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, in the hiring process. Plaintiff is informed and believes that during the relevant time period, thousands of ISS's employees and prospective employees satisfy the definitions of the putative class. Based on the number of putative class members, joinder is impracticable. The names and addresses of the class members are identifiable through ISS's records and published class

6

members may be notified of this action by mailed notice.

39. <u>Typicality</u>: Plaintiff's claims are typical of those of the members of the putative class. ISS typically uses consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other putative class members, and ISS treated Plaintiff consistent with other putative class members in accordance with its standard policies and practices.

40. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the putative class, and has retained counsel experienced in complex class action litigation.

41. <u>Commonality</u>: Common questions of law and fact exist as to all members of the putative class, and predominate over any questions solely affecting individual members of the putative class. These common questions include, but are not limited to:

    a. whether Pre-Employment furnished consumer reports to ISS for employment purposes without ISS's certification of compliance with the FCRA;

    b. whether ISS used consumer report information to conduct background checks on consumers;

    c. whether ISS violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

    d. whether ISS violated the FCRA by procuring consumer report information without lawful authorization;

    e. whether ISS's violation of the FCRA was willful;

    f. the proper measure of statutory damages; and

    g. the proper form of relief.

42. This case is maintainable as a class action because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications

and create the risk of incompatible standards of conduct for Pre-Employment. Further, adjudication of each individual class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

43. This case is also maintainable as a class action because Pre-Employment acted or refused to act on grounds that apply generally to the putative class.

44. Class certification is also appropriate because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Pre-Employment's conduct stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the putative class do not have an interest in pursuing separate actions against Pre-Employment, as the amount of each class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Pre-Employment. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all putative class members' claims in a single action, brought in a single forum.

### COUNT I
### (Against Defendant Pre-Employment, Inc.)
### Failure to Obtain Certification Prior to Furnishing a
### Consumer Report for Employment Purposes in violation of 15 U.S.C. § 1681b(b)(1)(A)

45. Plaintiffs restate the allegations set forth in Paragraphs 1 through 44 as if fully set forth herein.

46. Pre-Employment willfully violated 15 U.S.C. § 1681b(b)(1)(A) because it provided ISS a consumer report about Plaintiff without requiring ISS to certify compliance with the disclosure,

written authorization and notice requirements set forth in 15 U.S.C. § 1681b(b)(2) and § 1681b(b)(3).

47. Pre-employment invaded Plaintiff's privacy by compiling Plaintiff's personal, private and confidential information into a consumer report for employment purposes, and furnishing said consumer report without permissible purpose.

48. Pre-Employment caused Plaintiff injury because the report Pre-Employment provided was used, in whole or in part, as the basis for an adverse employment action.

49. Pre-Employment caused Plaintiff injury because it enabled ISS to circumvent the disclosure, authorization and notification requirements of the FCRA when using consumer reports for employment purposes by failure to require ISS to certify compliance therewith.

50. The forgoing violations were willful. At the time Pre-Employment violated 15 U.S.C. § 1681b(b)(1)(A), Pre-Employment knew it was required to obtain certification from ISS before as a condition of furnishing ISS with consumer reports for employment purposes. Pre-Employment's willful conduct is also reflected by, among other things, the following facts:

 a. Pre-Employment knew of potential FCRA liability;
 b. Pre-Employment is a large corporation with access to legal advice through their own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;
 c. Pre-Employment knew or had reason to know that their conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and
 d. Pre-Employment voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

51. The Plaintiff and the "Certification Class" are entitled to statutory damages of not

9

less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

52.     The Plaintiff and the "Certification Class" are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of himself and the putative "Certification Class" prays for relief as follows:

  a. determining that this action may proceed as a class action;
  b. designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;
  c. issuing proper notice to the putative class at Pre-Employment's expense;
  d. finding that Pre-Employment committed multiple, separate violations of the FCRA;
  e. finding that Pre-Employment acted willfully in deliberate or reckless disregard of Plaintiffs' rights and its obligations under the FCRA;
  f. awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and
  g. awarding reasonable attorneys' fees and costs as provided by the FCRA.

**DEMAND FOR JURY TRIAL**

Plaintiff and the putative classes demand a trial by jury.

Dated this 24th day of May, 2018.

           **MORGAN & MORGAN, P.A.**

           **/s/ Marc R. Edelman**
           Marc R. Edelman, Esq.
           Fla. Bar No. 0096342
           201 N. Franklin Street, #700

Tampa, FL 33602
Telephone 813-223-5505
Fax:  813-257-0572
MEdelman@forthepeople.com

C. Ryan Morgan, Esq.
Fla. Bar No.0015527
P.O. Box 4979
Orlando, FL 33802
Telephone 407.420.1414
Fax:  407.245.3401
RMorgan@forthepeople.com

Andrew Frisch, Esq.
Fla. Bar No. 27777
600 North Pine Island Road, Suite 400
Plantation, Florida 33324
Telephone:  (954) WORKERS
Facsimile:  (954) 327-3013
AFrisch@forthepeople.com
*Attorneys for Plaintiff*